UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANDRA BLANEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:18-cv-12009-ADB |
| ANDREW SAUL, *Commissioner,* | * | |
| *Social Security Administration*, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

BURROUGHS, D.J.

Presently before the Court is Plaintiff Sandra Blaney's motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,750.44. [ECF No. 32]. Defendant Andrew Saul, the Commissioner of Social Security (the "Commissioner"), filed a response to Blaney's request, disputing the fee amount. [ECF No. 33]. For the following reasons, Blaney's motion is GRANTED in part.

**I.    BACKGROUND**

Blaney filed an application for both Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on September 16, 2015. [ECF No. 12-5 at 2, 9]. On February 26, 2016, both applications were denied. [ECF No. 12-4 at 2, 6]. Blaney applied for reconsideration on May 23, 2016, and her applications were again denied on September 14, 2016. [ECF No. 12-2 at 13–14; ECF No. 12-4 at 18, 21]. Blaney then requested a hearing, which proceeded before Administrative Law Judge Alexander Klibaner ("ALJ Klibaner") on July 12, 2017. [ECF No. 12-4 at 24; ECF No. 12-2 at 44–93]. ALJ Klibaner denied Blaney's claims on October 6,

2017.  [ECF No. 12-2 at 13–37].  On December 5, 2017, Blaney filed a request for review of ALJ Klibaner's decision, which the Appeals Council denied on July 23, 2018.  [ECF No. 12-4 at 76; ECF No. 12-2 at 2–4].  On September 25, 2018, Blaney filed a Complaint in this Court to review the Commissioner's decision, [ECF No. 1], and on March 19, 2019, she filed a motion to reverse the Commissioner's decision, [ECF No. 13].

On April 10, 2019, this Court referred the case to Magistrate Judge Donald L. Cabell ("MJ Cabell").  [ECF No. 14].  On April 23, 2019, the then-Acting Commissioner, Nancy A. Berryhill, filed a motion for an order affirming the decision under sentence four of 42 U.S.C. § 405(g).  [ECF No. 16].  On May 28, 2019, Blaney filed a motion to remand to the agency under sentence six of 42 U.S.C. § 405(g), raising a new ground for relief.  [ECF No. 19].  On March 16, 2020, MJ Cabell issued a Report and Recommendation in which he recommended that the Court deny the Commissioner's motion for an order affirming the decision, grant Blaney's March 19, 2019 motion to reverse, and deny Blaney's May 28, 2019 motion to remand.  [ECF No. 28].  On March 31, 2020, this Court adopted MJ Cabell's Report and Recommendation, [ECF No. 30], and remanded the case to the Social Security Administration.  [ECF No. 31].  Having succeeded in securing a remand, Blaney filed a motion for attorneys' fees pursuant to the EAJA on June 29, 2020.  [ECF No. 32].

**II.   DISCUSSION**

    **A.   Entitlement to Award**

The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the

>court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, "eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990). As set forth below, the Court finds that each criterion is met in this case.

First, Blaney claims she is a prevailing party by virtue of this Court's remand to the Commissioner. [ECF No. 32 at 1]. "In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)." Shalala v. Schaefer, 509 U.S. 292, 296 (1993). The Supreme Court has held that a Social Security plaintiff who obtains a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) is the "prevailing party" under the EAJA. Id. at 301–02. Here, the Court entered judgment reversing the Commissioner's decision and remanding this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and, thus, Blaney is the prevailing party.

Second, Blaney argues that the Commissioner's position denying her disability benefits despite the significant procedural errors committed by the Commissioner, including an erroneous assessment of Blaney's mental residual functional capacity ("RFC"), was not substantially justified. [ECF No. 32 at 1]. "The Supreme Court has explained that for a government position to be 'substantially justified,' it must have 'a reasonable basis in law and fact' and be 'justified to a degree that could satisfy a reasonable person.'" McDonald v. Sec'y of Health & Human

3

Servs., 884 F.2d 1468, 1475 (1st Cir. 1989) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). "The burden of showing that the position was substantially justified is on the government, and both the underlying agency position and the government's litigation position must qualify as substantially justified to avoid paying attorneys' fees." Whitzell v. Barnhart, 429 F. Supp. 2d 361, 365 (D. Mass. 2006). As the Commissioner did not contest this component of Blaney's motion, the Court finds that he has failed to meet his burden to show that the agency's position was substantially justified.

Third, the Commissioner "has the burden of demonstrating 'special circumstances' justifying denial of attorneys' fees under 28 U.S.C. § 2412(d)(1)(A)." Rodrigues v. Colvin, No. 13-cv-30207, 2015 U.S. Dist. LEXIS 142430, at *4–5 (D. Mass. Oct. 20, 2015). The Commissioner has made no showing of any "special circumstances," and after reviewing the record, the Court finds that none exist that would make an award of attorneys' fees "unjust."

Finally, Blaney contends that her request is timely, and she supports her request with an itemized statement of fees and costs. [ECF No. 32]. The EAJA's requirement that a party file a fee application within thirty days of final judgment is jurisdictional and, as such, cannot be waived by the parties. Howitt v. U.S. Dep't of Commerce, 897 F.2d 583, 584 (1st Cir. 1990) (collecting cases). The Supreme Court has provided that "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." Shalala, 509 U.S. at 302 (citing 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G)). Under Federal Rule of Appellate Procedure 4(a), the judgment in this case became "not appealable" sixty days after its entry. Thus, Blaney had ninety days from the entry of judgment to file her EAJA petition, and the Court finds that her request was timely.

B.     **Scope of Award**

Even when a plaintiff has established that she is the prevailing party, the Court may "adjust the fee upward or downward" depending on the plaintiff's level of success in his or her case. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Blaney contends that she is entitled to fees for all work conducted in pursuit of her case. See [ECF No. 32]. The Commissioner does not dispute that Blaney is entitled to an appropriate fee, but contends that her fee award should be reduced to exclude costs associated with the time spent on her unsuccessful arguments, namely those related to her physical abilities and the legitimacy of the ALJ's appointment. [ECF No. 33 at 3–4].

As the fee applicant, Blaney "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. Blaney submitted an itemized statement of fees in support of her request for an award of $7,750.44, which represents a total of 38.40 attorney hours expended at a rate of $200.35 per hour and 0.60 paralegal hours expended at a rate of $95.00 per hour. [ECF No. 32-1 at 1–3].[1]

The Commissioner does not object to Blaney's attorneys' hourly rate, but he asserts that Blaney is entitled to an award of only $4,344.49. [ECF No. 33 at 1]. The Commissioner arrived at this number by deducting attorneys' hours that he deemed non-compensable because they represented time spent on Blaney's unsuccessful arguments. [Id. at 4–6]. The Commissioner

---

[1] The $200.35 hourly rate requested for her attorneys is based on a consumer price index adjustment to the maximum statutory rate of $125.00 set forth in § 2412(d)(2)(A) of the EAJA. [ECF No. 32 at 2]; see Tang v. Chertoff, 689 F. Supp. 2d 206, 218 (D. Mass. 2010) ("Under 28 U.S.C. § 2412(d)(2)(A), the Court may increase the fee-award ceiling of $125 per hour to account for increases in the cost of living [by] 'multiplying the $125 statutory rate by the [Boston area] annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the [Boston area] CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate.'" (citation omitted)).

5

argues that the Court has "*no discretion* to award compensation for time devoted to unsuccessful arguments." [Id. at 6 (citing McDonald, 884 F.2d at 1480)].

In Hensley, the Supreme Court found that in the context of a statute similar to the EAJA, "[t]he congressional intent to limit awards to prevailing parties requires that . . . no fee may be awarded for services on [an] unsuccessful claim" because "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." 461 U.S. at 435 (internal quotation marks and citation omitted).[2] In determining whether fees associated with a particular argument are compensable, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436.[3] The fact that a plaintiff is successful on some arguments does not automatically salvage the compensability of time spent on an unsuccessful argument.

---

[2] Blaney contends that the Hensley approach does not govern EAJA fee awards because Hensley was a civil rights case based on a claim under 42 U.S.C. § 1988. [ECF No. 34 at 1–2]. As the Supreme Court noted in Hensley, however, "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7. In addition, the First Circuit has explicitly held that it is appropriate to apply the Hensley approach to determine the scope of attorneys' fees in EAJA cases. McDonald, 884 F.2d at 1479 (citing Hensley, 461 U.S. at 433 n.7). Furthermore, the First Circuit and district courts within the First Circuit have repeatedly applied Hensley to EAJA requests involving Social Security appeals. See, e.g., Brunel v. Comm'r of Soc. Sec., No. 00-cv-01142, 2000 U.S. App. LEXIS 33995, at *7 (1st Cir. Dec. 11, 2000) (remanding with instructions to apply Hensley to an EAJA fee request in connection with a Social Security appeal); Saeed v. Comm'r of Soc. Sec., No. 16-cv-11928, 2018 U.S. Dist. LEXIS 184475 (D. Mass. Oct. 28, 2018); Bachelder v. Soc. Sec. Admin. Comm'r, No. 09-cv-00436, 2010 U.S. Dist. LEXIS 116695 (D. Me. Oct. 29, 2010).

[3] Blaney asserts that Hensley applies only to claims and not arguments, [ECF No. 34 at 2–3], however, courts in this circuit routinely apply Hensley to arguments as well as claims in the context of Social Security appeals. See, e.g., Barbara M. v. Saul, No. 18-cv-00186, 2020 U.S. Dist. LEXIS 96638, at *12 (D. Me. June 2, 2020) ("[C]ourts have reduced a plaintiff's fee award where the plaintiff obtained a remand but prevailed on just one of several issues raised . . . ."); Saeed, 2018 U.S. Dist. LEXIS 184475, at *4 (reducing EAJA award in part due to "the numerous unsuccessful arguments set forth in Plaintiff's appeal"); Knudsen v. Colvin, No. 14-cv-00155, 2015 U.S. Dist. LEXIS 100680, at *7 (D. Me. July 31, 2015) (reducing EAJA award because "more than one argument raised by the plaintiff was unsuccessful").

See id. ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.").

In her complaint against the Commissioner, Blaney argued that the ALJ: (1) erroneously failed to incorporate expert opinions in making his mental RFC assessment, [ECF No. 13 at 5; ECF No. 18 at 1]; (2) erred by failing to reconcile a discrepancy between her assessed ability to walk or stand for only two hours per day and the modified light jobs the vocational expert recommended, [ECF No. 13 at 1; ECF No. 18 at 1, 6]; (3) erred in determining that she was capable of performing work that exists in significant numbers in the national economy because the vocational expert relied on the ALJ's flawed mental RFC assessment, [ECF No. 13 at 16]; and (4) was not properly appointed to his position, [ECF No. 23 at 1].  On March 31, 2020, this Court adopted MJ Cabell's Report and Recommendation and granted Blaney's motion to reverse based on her first and third arguments.  [ECF No. 30].

Blaney's second argument rested on evidence relating to her physical impairment and the extent to which the vocational expert's testimony as to available jobs was inconsistent with her actual physical capabilities.  [ECF No. 30 at 23–24].  MJ Cabell determined that Blaney had waived her second argument because she failed to raise it with either the ALJ or the Appeals Council.  [ECF No. 30 at 24].  Because Blaney waived this argument, it cannot be said to have been successful, and no fees will be awarded for hours spent on it.  Tracey S. v. SSA Comm'r, No. 17-cv-00072, 2018 U.S. Dist. LEXIS 155183, at *6 (D. Me. Sept. 12, 2018) ("[I]f a plaintiff is successful on one claim but unsuccessful on another, she will be awarded attorneys' fees only

for the work done on the successful claim." (quoting Cabrera v. Astrue, No. 06-cv-09918, 2008 U.S. Dist. LEXIS 74485, at *2 (S.D.N.Y., Sept. 29, 2008)).

Similarly, Blaney's fourth argument, that the ALJ who heard her case was improperly appointed, was unsuccessful. [ECF No. 23 at 1; ECF No. 30 at 28]. As with Blaney's second argument, this Court adopted MJ Cabell's ruling that Blaney waived this argument because she failed to raise it with either the ALJ or the Appeals Council. [ECF No. 30 at 26–28]. District courts within this circuit have consistently rejected arguments regarding ALJ appointments and have found that Appointments Clause challenges must be exhausted at the administrative level. See, e.g., Myers v. Comm'r of Soc. Sec., 450 F. Supp. 3d 92, 102 (D. Mass. 2020); Christy A.L. v. Saul, No. 18-cv-00260, 2019 U.S. Dist. LEXIS 102499, at *7 (D. Me. June 19, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 127402 (D. Me. July 20, 2019). Therefore, Blaney was unsuccessful on this argument and her award will be reduced by the hours billed that "could have been avoided if plaintiff[] had not chosen to pursue [her] ill-fated challenge." McDonald, 884 F.2d at 1480.

In sum, Blaney is entitled to recover reasonable fees incurred in pursuing her successful first and third arguments, but the Court will reduce the fee award to reflect the extent to which her attorneys' efforts were expended on her unsuccessful second and fourth arguments. See McDonald, 884 F.2d at 1480 ("The district court could have—and should have—equitably reduced the overall award to reflect the plaintiffs' less than complete success . . . ."); Barbara M., 2020 U.S. Dist. LEXIS 96638, at *12–13 (reducing fee award to account for time spent on unsuccessful arguments, among other factors); Saeed, 2018 U.S. Dist. LEXIS 184475, at *4 (reducing attorney hours from 38 to 27 to account for unsuccessful arguments); Knudsen, 2015

8

U.S. Dist. LEXIS 100680, at *7 (noting that "in this case more than one argument raised by the plaintiff was unsuccessful" and reducing the requested fee award).

There is "no precise rule or formula" for determining fee reductions in this context. Hensley, 461 U.S. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Id. at 436–37. As the Commissioner notes, it is straightforward to determine the time Blaney's counsel spent on her unsuccessful ALJ appointment argument, as Blaney raised that argument in a separate motion filed in May 2019, [ECF No. 19], after Blaney filed her initial motion for remand in March 2019, [ECF No. 13]. Time spent on the second, separate motion, including time spent reviewing the Commissioner's opposition, drafting a reply, and reviewing the Commissioner's sur-reply, occurred between May and July 2019, for a total of 1.8 hours of attorney time. This time will be deducted from Blaney's fee award, resulting in a reduction of $360.63.[4]

As to Blaney's unsuccessful second argument regarding her physical RFC, two entries clearly indicate work performed on this argument alone, while one entry from this same time period appears to also relate to work performed on this argument. See [ECF No. 32-1 at 1–2]. The total time for these entries, 6.1 hours ($1,222.13), will be deducted from the fee award.[5] Other entries, however, describe work performed on the case in more general terms, making it

---

[4] In her reply brief, Plaintiff's counsel indicated that they did not object to this deduction. [ECF No. 34 at 8 ("Should the Court so conclude, counsel would not object to a reduction of 1.8 hours in the time for which compensation under the EAJA is sought.")].

[5] Deducting time for the more general entry dated 4/26/19, [ECF No. 32-1 at 2 ("Review and drafting.")], seems reasonable given that Blaney's attorneys will be fully compensated for a similarly general entry that is dated close in time to entries for work spent on her successful first argument, [id. ("Drafting and review of reply.")].

9

difficult to determine how much time was spent on each argument. [Id. at 1 ("Drafting re: mental RFC and light RFC"); id. ("Continued drafting and file review")]. The Commissioner argues that, because roughly half of Blaney's merits and reply briefs were focused on the second argument, the Court should discount by half those billing entries that describe work performed on the merits and reply briefs. [ECF No. 33 at 4]. As this appears to be the simplest and fairest way to divide the entries, the Court adopts this approach. As a result, an additional 9.1 hours ($1,823.19) will be deducted from the fee award.

Having reduced the requested fee award by 1.8 hours for time spent on Blaney's unsuccessful fourth argument and 15.2 hours for time spent on Blaney's unsuccessful second argument, the Court will award Blaney $4,344.49. This reflects 21.4 hours of attorney time at $200.35 per hour and 0.60 hours of paralegal time at $95.00 per hour.

### III.   CONCLUSION

Accordingly, Blaney's motion, [ECF No. 32], is GRANTED in part. Her requested fee award is reduced to $4,344.49, calculated based on 21.4 attorney hours and 0.60 paralegal hours and their respective rates.

**SO ORDERED.**

October 21, 2020
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE